

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 1, 1965

Mr. George L. Allen, Chairman
Board of Directors
Texas Southern University
Houston, Texas

Opinion No. C- 385

Re: Authority of Texas Southern
University to enter into an
agreement to purchase proper-
ty in 1966.

Dear Mr. Allen:

You have requested our opinion on the following question:

"Can the University negotiate an agreement with
the owners of the property immediately; establish
the purchase price; and agree to enter into contract
for purchase of the said property in February of
1966, with the necessary contingencies that such
funds will be available and conditions of possession?"

In Attorney General's Opinion WW-1213 (1961), it is stated:

"Article 2643d authorizes Texas Southern Uni-
versity to construct and otherwise acquire and
equip buildings and structures which the Board of
Directors deems proper or suitable for the students
and faculty of the University. Section 3 of this
statute provides that land owned by the State of
Texas or by the University may be used as building
sites and grounds 'for such buildings constructed
or acquired under this Act; provided that said Board
is hereby authorized to acquire by gift, or by pur-
chase out of funds derived from the sale of said
bonds, the said building sites and grounds.'

"Article 2909c authorizes the institutions of
higher learning, including Texas Southern Univer-
sity, to construct, acquire, improve and equip build-
ings and other structures and additions to existing
buildings and other structures 'and acquire land for
said additions, buildings and other structures if
deemed appropriate by said governing body.'

-1821-

"It is our opinion that Senate Bill No.
296 does not affect or limit the powers grant-
ed by Articles 2643d and 2909c. However, it
is also our opinion that the land which the
University is authorized to acquire under
these statutes, like Senate Bill 296, is limit-
ed to the sites and grounds for the buildings
and structures constructed or acquired under
the provisions of such statutes respectively."

Since the Texas Southern University has the authority
to acquire land for additional campus space, the question
presented concerns whether such a proposed agreement would vio-
late the provisions of Section 49 of Article III of the Consti-
tution of Texas.

Section 49 of Article III of the Constitution of Texas
provides:

"No debt shall be created by or on behalf
of the State, except . . ." (Exception not
applicable).

In Attorney General's Opinion C-134 (1963), it was held
that proposed contracts payable out of future revenues are in-
valid, citing Section 49 of Article III of the Constitution of
Texas; Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W.
722 (1924); Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339,
83 S.W.2d 660 (1935); Attorney General's Opinion 0-6246 (1944);
and Attorney General's Opinion V-1067 (1950).

In view of the foregoing, you are advised that you are
not authorized to obligate future revenues of Texas Southern
University since such obligation would create a debt in violation
of Section 49 of Article III of the Constitution of Texas. Since
the proposed agreement would attempt to obligate the University
to pay for property out of future revenues, such proposed agreement
is invalid.

## SUMMARY

Section 49 of Article III of the Consti-
tution of Texas prohibits the creation
of a debt by the State, and any agree-
ment attempting to obligate future revenues

Mr. George L. Allen, page 3 (C-385)

of Texas Southern University would be void.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
Assistant

JR:sj:cg:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Larry Craddock
Allo Crow
Jack Goodman
Malcolm L. Quick

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone